UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLOS MANUEL GUZMAN–SANTIAGO, *Petitioner*, v. UNITED STATES OF AMERICA, *Respondent*. | Civil No. 3:9cv2127 (JBA) December 13, 2012 |

**RULING ON MOTION TO VACATE OR SET ASIDE CONVICTION AND CORRECT SENTENCE**

Petitioner Carlos Manuel Guzman–Santiago, proceeding *pro se*, petitions for a writ of habeas corpus and moves to set aside his sentence [Doc. # 1] under 28 U.S.C. § 2255. Petitioner argues that he should be re–sentenced based on a one–to–one ratio for cocaine base ("crack") offenses versus powder cocaine offenses. For the reasons discussed below, Mr. Guzman–Santiago's petition will be dismissed.

**I.   Factual Background**

On March 27, 2007, Petitioner was arrested on criminal charges arising from a federal investigation of an alleged narcotics conspiracy. On April 10, 2007, he was indicted by a federal grand jury for conspiracy to possess with intent to distribute and to distribute cocaine base (Counts One, Eleven, and Nineteen), maintaining a drug–involved premises (Count Six), possessing a firearm after having been convicted of a felony (Count Twenty–Four), and possessing a firearm during a drug–trafficking crime (Count Twenty–Five).[1] (*See United States v. Turner*, 3:07cr73 (CFD), Indict. [Doc. # 15]).

---

[1] Petitioner was indicted under the name Luis Ramos, which was later determined to be an alias.

On March 25, 2008, Petitioner pleaded guilty to Count One of the Indictment, pursuant to a nine–page plea agreement dated that same day. (*See* 3:07cr73, (CFD Plea Agreement [Doc. # 361]).

In the Plea Agreement, the United States and Petitioner agreed that Petitioner qualified as a career offender under the Guidelines, and that his applicable sentencing range was 262 to 327 months' imprisonment. (*See id.* at 4.) Mr. Guzman–Santiago acknowledged that he was subject to a statutory mandatory minimum sentence of 120 months' imprisonment. (*See id.* at 2.) The Plea Agreement also stated that "the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, . . . the conviction or sentence of imprisonment if that sentence does not exceed 156 months." (*Id.* at 5.) However, during the pre–sentencing investigation, it was determined that Petitioner was not a career offender and that his applicable sentencing range was 120 to 121 months' imprisonment. Defense counsel advocated for sentencing to disregard the 100:1 ratio for crack cocaine offenses and sentence Mr. Guzman–Santiago to no more than the statutory mandatory minimum of 120 months' imprisonment. (*See* 3:07cr73 (CFD), Def.'s Sent. Mem. [Doc. # 552] at 1–2).

Petitioner's sentencing hearing was held on June 30, 2009, at which time the Hon. Christopher F. Droney imposed the statutory minimum sentence of 120 months' imprisonment. Judgment was entered on July 14, 2009, and as Petitioner did not appeal

his sentence, it became final fourteen days later. On December 23, 2009, Mr. Guzman–Santiago filed this petition under 28 U.S.C. § 2255.

## II.     Discussion

To obtain collateral relief under 28 U.S.C. § 2255, a Petitioner must show that his sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Habeas corpus relief is an extraordinary remedy and should only be granted where it is necessary to redress errors that, were they left intact, would "inherently result in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). As a general rule, "relief is available under § 2255 only for constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Napoli v. United States*, 32 F.3d 31, 35 (2d Cir. 1994).

"Where the petitioner . . . failed to properly raise his claim on direct review, the writ is only available if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice resulting from the alleged violation.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). Because he did not file a direct appeal before bringing this petition, Mr. Guzman–Santiago's § 2255 petition attacking his sentence must be dismissed, unless he can show some cause, such as constitutionally ineffective assistance of counsel, for his default. *See, e.g.*, *Murray v. Carrier*, 477 U.S. 478,

488 (1986) (suggesting that constitutionally ineffective assistance of counsel would excuse a petitioner's procedural default).[2]

A claim of ineffective assistance of counsel is assessed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984). The first prong considers whether counsel's performance was objectively unreasonable "under prevailing professional norms." *Strickland*, 466 U.S. at 688. To satisfy this element, an error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.* at 687, and counsel's performance must have been "outside the wide range of professionally competent assistance," *id.* at 690. Second, the petitioner must affirmatively prove prejudice by showing that counsel's errors were so serious that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694.

Petitioner fails to satisfy either prong of the *Strickland* test. First of all, his counsel's performance could not have been "outside the wide range of professionally competent assistance" for failure to argue that the 100:1 crack to cocaine ratio should not apply, because defense counsel raised this very issue at sentencing. In his sentencing memorandum, defense counsel informed Judge Droney that he had the discretion not to follow the 100:1 ratio created by the Sentencing Guidelines. (*See* 3:07cr73 (CFD), Def.'s Sent. Mem. [Doc. # 552] at 1–2). Furthermore, even if defense counsel had failed to raise this argument, or if the Court were to find that defense counsel's failure to verify

---

[2] In his petition, Mr. Guzman-Santiago states only that he "would like to be resentenced under the 1 to 1 basis crack cocain[e]/powder cocain[e] instead of the 1 to 100 [sic] ratio that triggers the mandatory minimum sentence[]." (Pet. [Doc. # 1] at 5.) However, because Petitioner is acting *pro se*, the Court will liberally construe his petition to allege ineffective assistance of counsel.

Petitioner's criminal history before permitting him to accept a plea agreement under which he would be incorrectly sentenced as a career offender was objectively unreasonable, Petitioner could not show prejudice. Mr. Guzman–Santiago would have been subject to the 120–month mandatory minimum sentence required by statute regardless of which ratio applied. Thus he cannot establish that he would have received a lesser sentence but for counsel's error. The Court is simply unable to provide the relief that Mr. Guzman–Santiago requests in his petition because it remains bound by the 120–month mandatory minimum sentence applicable to the offense to which he pleaded guilty.[3] As this minimum sentence has already been imposed, this Court lacks authority to lower Petitioner's sentence any further.

C.   **Evidentiary Hearing**

Mr. Guzman–Santiago has not requested an evidentiary hearing as to the claims he raises in his § 2255 petition, and one is not required because the record plainly demonstrates that he is not entitled to relief and his claims are truly without merit. *See United States v. Aiello*, 900 F.2d 528, 534 (2d Cir. 1990) ("Where a petition omits meritorious allegations that can be established by competent evidence, it would go too far

---

[3] In 2010, Congress enacted the Fair Sentencing Act ("FSA"), which reduced the drug quantities necessary to trigger the five– and ten–year mandatory minimums for trafficking crack cocaine. Under the FSA, the ten–year mandatory minimum is triggered by 280 grams of crack cocaine, rather than 50 grams, and the five–year mandatory minimum is triggered by 28 grams of crack cocaine, rather than 5 grams. In the stipulation of offense conduct in Petitioner's plea agreement, the parties stipulated that the relevant quantity for sentencing purposes was between 150 and 500 grams of crack cocaine (Plea Agreement at 9), which could qualify Petitioner for a five–year mandatory minimum sentence under the FSA. However, these new minimums apply only to those defendants who were sentenced after the FSA went into effect, on August 3, 2010. *See Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012). Petitioner was sentenced on June 30, 2009, and thus he is still subject to the pre–FSA minimums.

to say that it was error for the district court to have failed to conduct a full evidentiary hearing.") (internal citations omitted).

### III.   Conclusion

For the reasons discussed above, Mr. Guzman–Santiago's Petition [Doc. # 1] to Vacate, Set Aside, or Correct his Sentence is DENIED.

The only remaining issue is whether to issue a Certificate of Appealability ("COA").  Under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right." *Id.*  In order to sustain this burden, Petitioner would have to show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citations omitted).  "Where a district court has rejected [a petitioner's] claim[] on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong." *Id.*  It is obvious that reasonable jurists could not differ on the issue of whether Mr. Guzman–Santiago's counsel was constitutionally ineffective for failing to argue that he should not be sentenced based on the 100:1 ratio for crack offenses when defense counsel did in fact raise this very issue, and particularly because Petitioner was subject to the mandatory minimum, which he received.  Therefore, the Court declines to issue a COA.

The Clerk is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 13th day of December, 2012.